# PRYOR CASHMAN LLP

**MEMO ENDORSED**

New York | Los Angeles

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806       www.pryorcashman.com

May 28, 2013

**VIA EMAIL**
Hon. Denise Cote, United States District Judge
Southern District of New York
500 Pearl Street, Room 1610
New York, New York 10007
*CoteNYSDChambers@nysd.uscourts.gov*

5/29/13

RECEIVED MAY 29 2013 DENISE COTE

Re: *In re Petition of Pandora Media, Inc.* C.A. No. 12-Civ-8035 (DLC) (MHD)

Dear Judge Cote:

We write on behalf of non-parties Sony/ATV Music Publishing, LLC ("Sony") and EMI Music Publishing ("EMI") in response to Pandora's May 24 letter regarding the Subpoenas.

We believe that the search terms Sony and EMI proposed to Pandora on May 14 will capture not only the categories of documents the parties agreed upon but also the documents in the additional 8 categories addressed at our hearing. However, we also agreed upon additional ESI search terms that Pandora proposed following our May 22 conference, with one exception. Despite Your Honor's explicit rejection of Pandora's demand for documents submitted to the Department of Justice, Pandora continues to seek such documents, now through ESI search terms.[1]

The May 22 conference focused on 9 categories of documents listed in Mr. Steinthal's May 17 letter (attached here as Exhibit A). With respect to *just the first 8* categories (but *not* category 9 – submissions to the DOJ, the FTC or the European Commission by Sony or EMI in connection with the sale of EMI), Sony and EMI were required to run their ESI search terms and produce any non-privileged documents responsive thereto. Tr. 39:7-11. Solely as to those first 8 categories, Pandora could propose modifications or additions "to supplement in a minor way" Sony and EMI's ESI search terms. Tr. 39:3-6.

Mr. Steinthal sought to justify category 9 by tying it to the withdrawal of rights from ASCAP, arguing that maybe the request would yield documents evidencing some "collusive behavior," where publishers acted in concert to pull their catalogs from ASCAP so that they "won't be subject to rate court scrutiny." Tr. 17:24-18:21. He argued:

> "Your Honor, I don't know exactly what was said. . . . We know, as a matter of fact, that Sony and EMI were part of the board that created new rules that permitted this kind of

---

[1] The search term originally proposed by Pandora was "(DOJ OR justice OR FTC OR (fed* /3 trade /3 comm*)) AND (withdraw* OR "new media")." Pandora has since offered to delete the references to the FTC, but not to the DOJ.

Hon. Denise Cote
May 28, 2013

withdrawal. We know, as a matter of fact, Sony and EMI have withdrawn catalog, Our requests really go specifically to why. . . . We know there has been a submission to the Justice Department or the FTC. And we have tried to be more targeted in what we're seeking." Tr. 39:12-41:12.

In response to Mr. Steinthal's argument, Your Honor directed Sony and EMI to search for and produce only those portions of just "one document" (the memorandum in which Sony made its first request to the FTC for approval of the EMI acquisition, without attachments) that discuss the withdrawal of rights from ASCAP, or the ASCAP compendium changes. Tr. 41:12-18. Despite Your Honor's clear ruling, Mr. Steinthal continues to press for an ESI search relating to the DOJ.

Mr. Steinthal now offers a new justification for his demand: ASCAP's counsel's comment about ASCAP and EMI seeking DOJ approval for EMI's withdrawal of rights – which had nothing to do with the DOJ review of the sale of EMI. But Pandora never requested such information in its Subpoena and, in any event, our search terms will capture any such documents (and we also agreed that if the other search terms "yield any documents regarding the DOJ review of the ASCAP withdrawals, we will produce them provided they are not subject to any privilege.") Pandora's May 24 ltr., Ex. A.[2] Moreover, Mr. Steinthal's new justification ignores that Mr. Cohen was responding to Mr. Steinthal's speculation about supposed "collusive behavior" involving publishers pulling their catalogs from ASCAP so that they "won't be subject to rate court scrutiny," Tr. 17:24-18:21. Mr. Cohen pointed out that Mr. Steinthal is seeking "unbelievably protracted third-party discovery on a theory of collusion" that had not been previously advanced, Tr. 28:18-24, and that the matter of the publisher withdrawals was brought by and ASCAP and EMI to the Justice Department which provided its approval. Tr. 29:23-30:11. "So the notion that this is some kind of big antitrust price fix is inconsistent completely with reality." Tr. 30:11-13.

Pandora's shifting justifications to expand discovery are simply an effort to make Sony and EMI pay for directly demanding that Pandora improve the financial terms afforded writers and publishers. It is also a fishing expedition lacking a good faith basis (Tr. 32:20-33:9). Mr. Steinthal now wants non-parties to search for documents rebutting a thesis for which he has provided no basis. If it is relevant at all, ASCAP would have the documents.

Respectfully submitted,

Donald S. Zakarin

cc: Counsel for Pandora and Counsel for ASCAP

*[Handwritten annotation: Mr. Cohen represented on 5/22 that both EMI and then ASCAP sought approval from DOJ with the amendment to the Compendium. EMI shall produce its own memorandum on application to DOJ on this issue.*

*/s/ Denise Cote*
*May 29, 2013*]

---

[2] Those terms include: ASCAP /15 (compendium or rules or regulations or articles) /15 (modif* or amend* or change* or revis* or edit*)); withdraw* /30 (perform* /3 right*); withdraw* /30 ASCAP; (licens* /3 perform*) /30 withdraw*; (new /3 media) /30 withdraw*; licens* /3 perform*) /30 oursel*; (direct* /3 licens*) /30 perform*.