# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
Tel: +1 212 556 2100
Fax: +1 212 556 2222

Jeffrey S. Seddon, II
Tel: +1 212 556 2190
Fax: +1 212 556 2222
jseddon@kslaw.com

November 19, 2013

**VIA HAND DELIVERY**

Hon. Denise Cote, United States District Judge
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007
CoteNYSDChambers@nysd.uscourts.gov



Re: *In re Petition of Pandora Media, Inc.*, C.A. No. 12-CIV-8035 (DLC) (MHD)

Dear Judge Cote:

    With the Court's permission, Pandora Media, Inc. ("Pandora") would like to withdraw the letter sent yesterday concerning ASCAP's witness Brett James. Pandora and ASCAP are conferring regarding an appropriate process for resolving Pandora's concerns and hope to present the results of that process to Your Honor soon. A copy of the above referenced letter is enclosed as Appendix A.

                              Sincerely,

                              Jeffrey S. Seddon, II

cc: Counsel of Record
Enclosure

# Appendix A

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
Tel: +1 212 556 2100
Fax: +1 212 556 2222

Jeffrey S. Seddon, II
Tel: +1 212 556 2190
Fax: +1 212 556 2222
jseddon@kslaw.com

November 18, 2013

**VIA FEDEX**

Hon. Denise Cote, United States District Judge
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007
CoteNYSDChambers@nysd.uscourts.gov

    Re: *In re Petition of Pandora Media, Inc.*, C.A. No. 12-CIV-8035 (DLC) (MHD)

Dear Judge Cote:

    Less than a week ago, ASCAP revealed that it intends to call a new witness—Brett James—who ASCAP had not referenced in its initial disclosures. Indeed, ASCAP had not mentioned this witness at all before last week. This revelation occurred well after the close of fact discovery, and indeed after this Court had extended fact discovery multiple times. Because ASCAP revealed this witness at the last minute, Pandora has been prejudiced. We have not had an opportunity to take Mr. James' deposition or to take any relevant discovery with respect to him.

    A new witness is not the only recent surprise ASCAP has sprung on us. Just four days ago, ASCAP disclosed a new document entitled "2012 RMLC Reported Revenues" which would have plainly been responsive to our discovery requests. *See* Exhibit A. The belatedly disclosed document contains an extensive list of RMLC stations, various gross revenue numbers sorted by station, and several sets of figures illustrating the percentage of terrestrial revenue to total revenue, the percent of HD revenue to total revenue, and the percent of new media revenue to total revenue. *Id.*

    This delay matters because we have not had an opportunity to take discovery with respect to the new document. ASCAP's tardiness also ensured that Pandora's witnesses were not able to respond to the new information in their witness statements and that we were not able to respond in our filings.

    Although we recognize it is unusual to reopen discovery after the parties have already submitted their direct cases, Pandora respectfully requests the opportunity to take discovery with respect to Mr. James and the newly disclosed document. It would be unfair to allow ASCAP to sneak a new witness and a new document into this case at the last minute in such a way as to deprive Pandora of a meaningful opportunity to respond. We suggest that the additional

November 18, 2013
Page 2

discovery take place after the Thanksgiving holiday, as the parties will be otherwise occupied until then with responding to each other's pretrial briefs and motions *in limine*.

Sincerely,

Jeffrey S. Seddon, II

cc: Counsel of Record
Enclosure