# KING & SPALDING

King & Spalding LLP
101 Second Street
Suite 2300
San Francisco, CA 94105
Tel: +1 415 318 1200
Fax: +1 415 318 1300
www.kslaw.com

November 22, 2013

**VIA ECF**



Kenneth Steinthal
Partner
Direct Dial: +1 415 318 1211
Direct Fax: +1 415 318 1300
ksteinthal@kslaw.com

Hon. Denise Cote, United States District Judge
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007
CoteNYSDChambers@nysd.uscourts.gov



11/25/2013

Re:   *In re Petition of Pandora Media, Inc.*, C.A. No. 12-CIV-8035 (DLC) (MHD)

Your Honor:

We write on behalf of counsel for both parties in reference to two issues initially raised by letter from Mr. Seddon of my office to Your Honor dated November 18, 2013, which we withdrew on November 19th to give the parties an opportunity to resolve the matters at issue consensually. We have reached a consensual solution, although it is subject to Your Honor's review and endorsement.

Testimony of Brett James

On November 18th, ASCAP submitted written direct testimony from ASCAP writer member Brett James, a witness who had not been deposed and for whom documents had not been produced. Pandora immediately advised ASCAP that it objected to the submission of testimony from Mr. James, an objection with which ASCAP does not agree. To resolve their dispute the parties have agreed as follows: Pandora has agreed to waive its general objection (while preserving any specific objections to such testimony it might have based on lack of foundation, hearsay, etc.) provided: (i) ASCAP produces Mr. James for a deposition in New York during the week of December 2, 2013; (ii) ASCAP and Mr. James will produce a limited set of documents relating to Mr. James in advance of the deposition, the scope of which has been identified and agreed-upon; and (iii) the Court will permit Pandora to file limited supplemental submissions (a supplemental reply brief and/or supplemental proposed findings of fact/conclusions of law) to address only those issues specific to his testimony, to be submitted within one week of the date of the deposition.

November 22, 2013
Page 2

ASCAP Exhibit AX-88

ASCAP identified to Pandora a document not previously produced in discovery entitled "2012 RMLC Reported Revenues," which it has put on its exhibit list (AX-88) and has been relied upon in the written direct testimony of ASCAP witness Vincent Candilora. It is Pandora's position that this document was responsive to its previously-served document requests but was not produced. Pandora has objected to AX-88 in its entirety on such basis. ASCAP disputes that contention. To resolve the dispute, the parties have agreed as follows: Pandora has agreed to waive its timeliness-of-production objection (while preserving any specific other objections it might have) provided: (i) ASCAP produces a witness knowledgeable about the preparation of AX-88 as a 30(b)(6) representative for a very brief deposition during the week of December 2, 2013; (ii) ASCAP will produce a limited set of documents underlying/relating to AX-88 in advance of the deposition, the scope of which has been identified and agreed-upon; and (iii) the Court will permit Pandora to file supplemental submissions (a supplemental reply brief and/or supplemental proposed findings of fact/conclusions of law) to address only those issues raised by the witness testimony or this document, to be submitted within one week of the date of the deposition.

Pandora has made clear to ASCAP that its waiver of the above-described objections to the testimony of Mr. James and AX-88 is conditioned on Pandora's ability to make limited supplemental submissions of the nature set forth above. Any such submission(s) would be made at the same time and, as described above, limited in scope. ASCAP had made clear to Pandora that its agreement to produce the witnesses and documents identified above shall not be construed as a waiver of its position that it has the right to introduce such testimony and documentary evidence without any further discovery.

Accordingly, the parties seek the Court's permission as to whether they may proceed in the manner outlined above. Counsel for the parties are available, of course, for a telephone conference should the Court wish to discuss this matter further.

Approved.
*Denise Cote*
11/25/13

Respectfully submitted,

Kenneth Steinthal

cc:   All Counsel